UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINAL THERMIDOR,           )<br>                              )<br>    Plaintiff,                )<br>                              )<br>                              )<br>                              )<br>GENERAL CONSULATE OF HAITI   )<br>IN MIAMI,                    )<br>                              )<br>    Defendant.                )  | Civil Action No. 25-02761 (UNA) |

## MEMORANDUM OPINION

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP motion and dismisses the case.

Plaintiff, a resident of Milford, Delaware, alleges that on November 30, 2007, "one of the workers at the General Consulate of Haiti" in Miami, Florida, took his U.S. passport and "asked" about his documents. A "couple of weeks" later, Plaintiff received a Haitian passport. Compl., ECF No. 1 at 4. Plaintiff seeks damages and "would like to have the passport back and its status[.]" *Id*. at 5.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The party asserting subject-matter jurisdiction bears the burden of establishing such. *Id*. The Foreign Sovereign Immunities Act (FSIA) "holds foreign states and their instrumentalities immune from the jurisdiction of federal and state courts," *Opati v. Republic of Sudan*, 140 S. Ct. 1601, 1605

(2020), "unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies," *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (cleaned up), or an existing international agreement provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005) (citing 28 U.S.C. §§ 1330(a), 1604). Exceptions under the FSIA include claims based on (1) commercial activities with a specified nexus to the United States, (2) torts that have caused domestic personal injury or property damage, and (3) certain expropriations of property rights. *CC/Devas (Mauritius) Limited v. Antrix Corp. Ltd.*, 145 S. Ct. 1572, 1578 (2025) (citing 28 U.S.C. § 1605(a)(2), (a)(3), (a)(5)).

      Plaintiff's tenuous claims do not establish an exception under the FSIA to overcome Haiti's immunity from suit. Therefore, this case will be dismissed by separate order.

Dated: November 12, 2025                                TREVOR N. McFADDEN, U.S.D.J.